UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David R. Carlson,

       Petitioner,

v.                                                            Civil No. 10-1882 (JNE/JJG)
                                                           ORDER

Becky Dooley, Warden,

       Respondent.

This case is before the Court on two motions filed by Petitioner after the Court denied his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (2006). On January 11, 2011, Petitioner filed a motion asking this Court to "look[] at [his motion] quickly and possibl[y] rule different[ly]." The Court construes this motion as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Since then, Petitioner filed a notice of appeal and now seeks permission to proceed on appeal in forma pauperis.

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quotation marks omitted). Petitioner's primary contention is that limitations on his ability to cross-examine a witness during trial were an impermissible violation of his right to confrontation. Petitioner, who unsuccessfully asserted this argument in his § 2254 motion, may not relitigate this issue in a Rule 59(e) motion. *See Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) ("[Plaintiff] however cannot use a Rule 59(e) motion to relitigate old matters."); *Dale & Selby Superette & Deli v. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993) (stating that a Rule 59(e) motion "should not be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits"). This motion is denied.

1

The Court's review of Petitioner's application indicates that Petitioner is financially eligible for in forma pauperis status on appeal. Although the Court remains satisfied that Petitioner's claims in this case have been properly adjudicated, the Court declines to certify that the appeal is not taken in good faith. *Cf. Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253."). Accordingly, the Court grants Petitioner's application for leave to proceed on appeal in forma pauperis.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Petitioner's motion to proceed on appeal in forma pauperis [Docket No. 32] is GRANTED.

2. Petitioner's Rule 59(e) motion [Docket No. 29] is DENIED.

Dated: February 2, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge